UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Morris Speight-Bey, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>)<br>William J. Smith, )<br>)<br>Respondent. ) | Case: 1:14-cv-02016<br>Assigned To : Unassigned<br>Assign. Date : 11/26/2014<br>Description: Habeas Corpus/2255 |

## MEMORANDUM OPINION

Petitioner, proceeding *pro se*, is currently incarcerated at the District of Columbia's Central Detention Facility. Petitioner has submitted what he purports to be a petition for a writ of habeas corpus under 28 U.S.C. § 2241 without identifying the basis of his detention. *See* 28 U.S.C. § 2242 (habeas application "shall allege the facts concerning the applicant's commitment or detention . . ."). Regardless, the petition is sorely defective. Hence, petitioner's accompanying application to proceed *in forma pauperis* will be granted and this case will be dismissed.

Rule 1(b) of the Rules Governing Section 2254 Cases permits the Court to "apply these rules to a habeas corpus petition [under § 2241]," and Rule 12 makes the Federal Rules of Civil Procedure applicable to habeas petitions "to the extent that they are not inconsistent with any statutory provisions or these rules." Unlike the minimal pleading requirements of Fed. R. Civ. P. 8(a), "Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement. The habeas rule instructs the petitioner to 'specify all the grounds for relief available to [him]' and to 'state the facts supporting each ground.' " *Mayle v. Felix*, 545 U.S. 644, 649 (2005). This "demand that habeas petitioners plead with particularity is to assist the district court

in determining whether the State should be ordered to 'show cause why the writ should not be granted' " or to summarily dismiss the petition. *Id.* at 656 (quoting 28 U.S.C. § 2243). The demand is necessary also because the government, in responding to a show cause order, "must 'address the allegations in the petition.' " *Id.* (quoting Gov'g Rule 5(b)).

Petitioner states that he is "a Moroccan American National whose habitual residence status is incorrect." Pet. at 2. Petitioner seems to take issue with his "United States Birth Certificate," which he contends provides an "artificial description [that] doesn't identify a human being by Nationality . . . ." *Id.* He "demand[s] that the current erroneous false description be removed from the Birth Certificate and corrected by an [sic] Moroccan American National Nationality immediately." *Id.* In his introduction, petitioner states that he is applying for a writ

> for the identity of Nationality, Subject Matter Jurisdiction, a coanizable [sic] claim violation of the constitution, laws, or treaties . . . a violation of the Treaty of Frienship [sic] and Peace between England, Morocco, and North America of the United States, Amended and sign[ed] by the two Ministers of Thomas Jefferson, and John Adams.

*Id.* at 1. The perplexing grounds for relief are listed as follows: "Ground One: Genocide against a Nation of America"; "Ground Two: Admission is unlawful of section 4 a justment [sic] of status for displaced Person's Act of 1948 . . ."; "Ground Three: Title 28 U.S.C.S. § 1605 and 1602 of American Nationals Laws Violation of the Vienna Convention of the United Nations and Title 28 U.S.C.S. § 1332 Diversity of citizenship; Amount in Controversy; cost"; "Ground Four: A violation of Amendment 5, and Amendment 13"; "Ground Five: Illegal use of Person Solicitation of Proxy by a false Presentment and Bond of Property Contracts using cooperative agreements § 6305 . . . ." The supporting facts, such as they are, emphasize petitioner's "request for a correction of [his] nationality," Compl. at 5, which is not a remedy available in habeas proceedings.

2

The petition fails to comply with the habeas pleading rules, and it does not otherwise provide a basis for habeas relief. *See Mayle*, 545 U.S. at 655 ("Notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error.") (quoting Advisory Comm. Note on Habeas Corpus Rule 4) (internal bracket and quotation marks omitted). Rather, the petition presents the type of fantastic or delusional scenarios warranting dismissal of a case as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (a court may dismiss claims that are "essentially fictitious"-- for example, where they suggest "bizarre conspiracy theories . . . [or] fantastic government manipulations of their will or mind") (citations and internal quotation marks omitted); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). A separate Order of dismissal accompanies this Memorandum Opinion.

_____
United States District Judge

Date: November 21, 2014